UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

AUG 25 2004

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. |
| WC&M ENTERPRISES, INC., d/b/a STREATER-SMITH HONDA, | § § § § | H-04-3372 |
| Defendant. | § | <u>JURY TRIAL DEMANDED</u> |

ORIGINAL COMPLAINT
OF THE
<u>UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION</u>

TO THE HONORABLE UNITED STATES DISTRICT COURT:

<u>NATURE OF THE ACTION</u>

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of national origin and religion, and to provide appropriate relief to Mohommed Rafiq ("Rafiq"), who was adversely affected by such practices. As alleged with greater particularity in paragraphs 9-11, below, WC&M Enterprises, Inc. ("Streater-Smith"), subjected Rafiq to an unlawfully hostile work environment, based upon his national origin, East Indian, and his religion, Islam.

<u>JURISDICTION AND VENUE</u>

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and

Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. Venue is appropriate in this court.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant WC&M Enterprises, Inc., d/b/a Streater-Smith Honda ("Streater-Smith"), has continuously been a Texas corporation doing business in the State of Texas and the City of Conroe, and has continuously had at least fifteen (15) employees. Streater-Smith may be served with process by serving its registered agent, Steven G. Jackson, 311 Interstate 45 South, Conroe, Texas, 77301.

5. At all relevant times, Streater-Smith has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Rafiq filed a charge with the Commission alleging violations of Title VII by Streater-Smith. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least September 2001, Streater-Smith has engaged in unlawful employment

practices at its Conroe, Texas, facility, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

8. Defendant has more than 100 employees.

9. On May 11, 2001, Rafiq, a Muslim of Indian origin, began working for Streater-Smith as a salesperson. After September 11, 2001, employees, including a couple of supervisors, frequently would refer to Rafiq as "Taliban," and made other remarks about Rafiq's religion and ethnic ancestry. Although Rafiq complained about these comments to the General Sales Manager, Richard Burgoon, as well as to those who made the comments, the remarks continued until the end of October 2002, when Streater-Smith fired Rafiq, despite Rafiq's above-average job performance.

10. Approximately two weeks before Defendant fired Rafiq, Sales Manager Jerry Swigart referred to Rafiq as a "Muslim extremist" after Rafiq questioned why attendance at a United Way meeting was mandatory. Streater-Smith then issued a written Employee Warning Notice which cited the mild-mannered Rafiq for "acting like a Muslim extremist and very militant." As documented in the Employee Warning Notice, Swigart also told Rafiq that "it didn't look like they could work together" because of Rafiq's alleged "militant stance." Swigart had previously told Rafiq, "This is not your Islamic state or your India, where you came from," and Rafiq had been asked by a colleague "Why don't you go back to where you came from since you believe what you believe?"

11. Streater-Smith never conducted an investigation of Rafiq's complaints of unlawful harassment. At no time did Defendant's management make any effort to stop the harassment. In response to his efforts to end the hostile environment, Rafiq was told merely to let the harassing comments "go through one ear and out the other," and was counseled "Don't let it bother you."

12. The effect of the practices complained of in paragraphs 9 - 11, above, has been to

3

deprive Mohommed Rafiq of equal employment opportunities and otherwise adversely affect his status as employee, because of his national origin and religion.

13. The unlawful employment practices complained of in paragraphs 9-11 were intentional.

14. The unlawful employment practices complained of in paragraphs 9-11, were done with malice or with reckless indifference to the federally protected rights of Mohammed Rafiq.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Streater-Smith, its officers, successors, assigns and all persons in active concert or participation with it, from maintaining a religiously and ethnically hostile work environment, and any other employment practice which discriminates on the basis of national origin or religion.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunity for Muslims and East Indians, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Mohommed Rafiq by providing appropriate backpay with prejudgment interest, in amounts to be proved at trial, for lost sales commissions resulting from the discrimination, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole Mohommed Rafiq by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

  E. Order Defendant to make whole Mohommed Rafiq by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraphs 9 - 11, above, including emotional pain, inconvenience, and humiliation, in amounts to be determined at trial.

  F. Order Streater-Smith to pay Mohommed Rafiq punitive damages for its malicious and reckless conduct described in paragraphs 9 - 11, above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,

        Eric S. Dreiband
        General Counsel

        James L. Lee
        Deputy General Counsel

        Gwendolyn Young Reams
        Associate General Counsel
        Equal Employment Opportunity
        Commission
        1801 L Street, N.W.
        Washington, D.C. 20507

*signature*

Timothy M. Bowne
Senior Trial Attorney
Attorney-in-Charge
Texas Bar No. 00793371
Southern Dist. of Texas No. 20023
Equal Employment Opportunity
   Commission
1919 Smith Street, 7th Floor
Houston, Texas 77002
(713) 209-3395
(713) 209-3402 [facsimile]

OF COUNSEL:

Jim Sacher
Regional Attorney

Rose Adewale-Mendes
Supervisory Trial Attorney
Equal Employment Opportunity Commission
1919 Smith Street, 7th Floor
Houston, Texas 77002